# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM WYLAND,** | : | **Case No.: 08cv1792** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| | : | |
| **ESPERIDIO QUINONES,** *et al.*, | : | <u>ORDER</u> |
| | : | |
| **Defendants.** | : | |

Before the Court is the *Motion for Summary Judgment of Defendant City of Cleveland* (Doc. #11), which was filed on January 16, 2009.[1]  The Plaintiff, William Wyland ("Wyland") has <u>not</u> filed a brief in opposition and the time for doing so has expired.   Accordingly, this matter is ripe for adjudication.  For the reasons articulated below, the City of Cleveland's ("the City") motion for summary judgment is **<u>GRANTED</u>**.

---

[1]  The Complaint in this case is identical to the Complaint filed in a prior case before this Court, Case No. 07cv1099 ("Wyland I").  Wyland I was originally filed in the Cuyahoga County, Ohio, Court of Common Pleas on March 6, 2007 and subsequently removed to this Court.  On March 28, 2008, after the close of discovery, Defendant City of Cleveland ("the City") filed a motion for summary judgment.  (Doc. 11, Case No. 07cv1099.)  Wyland did not oppose the motion for summary judgment or file a response of any kind.  Instead, on May 20, 2008, he filed a "Notice of Dismissal Without Prejudice."  (Doc. 14, Case No. 07cv1099.)  The Court dismissed Wyland I based on Wyland's May 20th filing on May 28, 2008.  (Doc. 15, Case No. 07cv1099.)  Less than one month later, Wyland filed this case – "Wyland II" – using a complaint identical to that which he filed in Wyland I.  The Wyland II case was removed to this Court on July 25, 2008.  (Doc. 1.)  After Wyland and his attorney failed to appear at the Case Management Conference on December 17, 2008, the Court issued a Show Cause Order requiring Wyland to show cause why the case should not be dismissed for failure to prosecute.  (Doc. 8.)  Wyland's attorney filed a response to the Show Cause Order (Doc. 10), which the Court accepted, permitting the case to continue and expressly allowing the City to immediately re-file its motion for summary judgment from Wyland I (Doc. 11).  The City filed its motion for summary judgment on January 16, 2009, and it is this motion that is now pending before the Court.  (Doc. 12.)  Once again, as discussed above, Wyland has not filed a response of any kind to the City's motion for summary judgment, and the deadline for doing so has now expired.

I.    **BACKGROUND**

Wyland's Complaint asserts claims against the City and Esperidio Quinones ("Quinones") arising out of events that occurred in 2006 while Wyland was an inmate and Quinones was a guard at the Sixth District Jail in Cleveland.[2]  Wyland's Complaint alleges claims for sexual assault and intentional infliction of emotional distress against Quinones, and negligent supervision, negligent hiring and/or retention, and 42 U.S.C. § 1983 claims arising under the Fourteenth Amendment against the City.  The Complaint also challenges the constitutionality of Chapter 2744 of the Ohio Revised Code.

The City seeks summary judgment with respect to all claims asserted against it.[3]

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the  matters stated therein . . . .  The court may

---

[2]  In sum, Wyland alleges that, while he was an inmate, Quinones, a prison guard, forced him to engage in a sex act with Quinones.  Wyland alleges that Quinones' conviction for gross sexual imposition in the Cuyahoga County Court of Common Pleas, case number CR-06-485873-A, resulted from the conduct now at issue in this lawsuit.

[3]  Defendant Quinones did not join in the City's motion for summary judgment and has not filed an independent motion for summary judgment.  This Order does not impact the claims asserted against him.

2

permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.**

Fed. R. Civ. P. 56(e) (emphasis added).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 560 (6th Cir. 2004). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). Once the party moving for summary judgment has met its burden of raising sufficient facts to entitle its motion to be granted as a matter of law under Rule 56(c), the opposing party "has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir.2001).

It is well-established that the Court may rely on the facts presented by the movant in evaluating an _unopposed_ motion for summary judgment. *See e.g.*, *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404-05

3

(6th Cir. 1992)).  Furthermore, Local Rule 7.1(g) expressly permits the Court to rule on unopposed motions after the time for filing a response in opposition has expired.  Here, the time for filing a response in opposition to the City's motion for summary judgment expired in April and the motion remains unopposed.  Accordingly, the Court's review of the motion for summary judgment is based on the facts as advanced by the City in their motion for summary judgment.  *See Guarino*, 980 F.2d at 405 ("A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed.")

### III.  <u>ANALYSIS</u>

The City argues that Wyland has failed to raise a genuine issue of material fact with respect to the elements of any of its claims against it.  First, the City argues that Wyland has not submitted evidence that the City was negligent in hiring, retaining, and/or supervising Quinones sufficient to survive summary judgment.  Second, the City argues that Wyland's § 1983 claims fail as a matter of law because a municipality is <u>not</u> responsible for the unconstitutional actions of its employees under the doctrine of *respondeat superior*.   In light of the fact that Wyland has not opposed the motion for summary judgment, these arguments are well-taken.  As stated above, when the plaintiff is facing a motion for summary judgment, he "may not rest upon the mere allegations" in his complaint, but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  When the plaintiff fails to "so respond, summary judgment, if appropriate, shall be entered against [him]."  *Id*.

The City maintains that Quinones acted outside the scope of his authority as an employee in his interactions with Wyland.  Although the Complaint alleges that the City was negligent in hiring, retaining, and/or supervising Quinones in his position as a prison guard at the Sixth District Jail,

4

Wyland has not submitted any evidence in support of these allegations.  In addition, there is no evidence in the record to support these claims, let alone evidence sufficient to raise a material issue of fact with respect to each element.  Accordingly, summary judgment is **GRANTED** with respect to all of Wyland's negligence claims.[4]

Wyland's § 1983 claims against the City fail as well.  Generally, a municipality <u>cannot</u> be held liable for the tortious acts of its employees under § 1983 pursuant to the doctrine of *respondeat superior*.  *See id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  A municipality may become liable if the plaintiff can establish, *inter alia*, that the municipality *itself* caused the constitutional violation that serves as the basis of the claim.  *See*, *e.g.*, *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)).  To do this, a plaintiff must establish that the unconstitutional act was that of a policy maker whose acts can bind the City, or were the result of a custom and policy adopted or maintained by the City.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  In this case, however, Wyland has not submitted any evidence indicating that the City's own actions caused the constitutional violation at issue.  Again, Wyland may not rely on the allegations in the Complaint to support his § 1983 claims or that the city maintained a custom or policy authorizing, encouraging, or inducing Quinones' actions.  Accordingly, Wyland has failed to raise a material

---

[4] The City also argues in its motion for summary judgment that, as a matter of law, it is immune from tort liability arising out of the operation of its jails pursuant to O.R.C. § 2744. (*See* Doc. 12.)  While this argument is clearly well-taken, the Court need not, and does not, conclusively determine the applicability of O.R.C. § 2744 given Wyland's failure to respond to the motion and/or raise an issue of material fact with respect to his negligence claims. Furthermore, as a result of this Order granting summary judgment in favor of the City of Cleveland and dismissing it from the lawsuit, Wyland's claim that § 2744 is unconstitutional is moot.

issue of fact with respect to each element of his § 1983 claims and the City's motion for summary

judgment is **GRANTED** with respect to those claims.

IV. <u>**CONCLUSION**</u>

Accordingly, Defendant City of Cleveland's *Motion for Summary Judgment* (Doc. 12) is

<u>**GRANTED**</u> **as unopposed**.  The City of Cleveland is hereby **DISMISSED** from this lawsuit.

**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: April 9, 2009**

6